UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
    JERRY BONTON

                        Plaintiff,

-against-

ROBERT ERCOLE, Superintendent, Green Haven
Correctional Facility,

                        Defendant.
------------------------------------------------------------ X

08-CV-526 (ARR)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On February 4, 2008, Jerry Bonton, pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting five grounds for relief. On August 20, 2008, this court denied the petition and entered judgment dismissing the proceeding. On August 28, 2008, petitioner filed a motion for reconsideration. For the following reasons, the court withholds its decision on petitioner's motion for reconsideration in order to permit petitioner to show cause as to why the court should stay the federal habeas corpus petition while he exhausts his state remedies.

## BACKGROUND

The court will provide a brief overview of this case. In April 2000, petitioner was convicted in the Supreme Court of the State of New York, Kings County, of one count of murder in the first degree and one count of murder in the second degree. See Pet. at 1 (Dkt. No. 1). Rather than proceeding to the penalty phase, petitioner agreed to accept a sentence of life imprisonment without parole on the first degree murder conviction and waived his right to appeal

1

his conviction or to seek state-court collateral review. Nevertheless, petitioner challenged his conviction on direct appeal on all grounds reasserted in his federal habeas corpus petition. See Pet. at 3. Without reaching the merits of petitioner's appeal, the Appellate Division, Second Department affirmed petitioner's conviction, holding that he had voluntarily and intelligently waived his right to appeal. See People v. Bonton, 7 A.D.3d 643 (2d Dept. 2004). Thereafter, petitioner filed at least three motions to vacate his conviction pursuant to N.Y. Crim. Pro. L. § 440 in May 2005, July 2006, and February 2008 respectively. See Pet. at 4-5. Petitioner's February 28, 2008 § 440 motion raised a ineffective assistance of trial counsel claim based on his counsel's purported failure to inform petitioner of a plea bargain offered by the State, an argument fairly encompassed in his federal habeas petition. See Pet. at 5-11. While petitioner's 2005 and 2006 motions were denied, Mr. Bonton's petition indicated that his February 28, 2008 § 440.10 motion was still pending at the time he filed his federal habeas corpus petition with this court. See Pet. at 5.[1] Furthermore, in July 2006 and March 2007, petitioner moved in Kings County Supreme Court to vacate his appellate waiver and to set aside his life sentence. See Affirmation in Opp. to Pet. for a Writ of Habeas Corpus at 4 (hereinafter "Opp."). The trial court

---

[1] Petitioner's federal habeas corpus petition contains internal inconsistencies. While he indicated that his February 28, 2008 § 440.10 motion was pending when he filed his federal habeas corpus petitioner, see Pet. at 5, in the petition he also indicated that he had no state or federal petitions or appeals pending. See Pet. at 13. Furthermore, Mr. Bonton filed his federal habeas corpus petition on February 4, 2008. Yet, petitioner's latest 440 motion is dated February 28, 2008. See February 28, 2008 § 440 Motion Annexed to Pet. April 21, 2008 Letter (Dkt. No. 5) (hereinafter "April 21, 2008 Letter"). Therefore, at the time petitioner filed his federal habeas petition, while he may have intended to file a petition in February 2008, he had not yet done so. For the purpose of this Opinion and Order only, the court finds this discrepancy immaterial since at the time petitioner submitted his April 21, 2008 letter informing the court of his pending 440 motion, the motion was actually pending.

denied those motions in September 2007, and the Appellate Division affirmed that ruling in December 2007. Id.

On February 4, 2008, petitioner filed the instant federal writ of habeas corpus in this court. On April 21, 2008, apparently in reaction to respondent's April 11, 2008 Response to the Order to Show Cause, petitioner filed a letter informing the court that he had filed a motion in Supreme Court to vacate his conviction pursuant to N.Y. Crim. Pro. L. § 440. See April 21, 2008 Letter, (Dkt. No. 5). In that February 28, 2008 motion, annexed to petitioner's letter, petitioner claimed that his trial counsel failed to "convey complete and accurate information to defendant of a plea of thirty years (30) by Assistant District Attorney Mark Hale." Id. Petitioner also argued that the indictment was defective. Id. On August 20, 2008, this court issued an Opinion and Order denying petitioner's writ of habeas corpus because petitioner failed to make a "substantial showing of the denial of a constitutional right." See Order, at 37 (Dkt. No. 7). Petitioner filed a motion for reconsideration on August 28, 2008 and a notice of appeal on September 9, 2008. The Second Circuit stayed his appeal to await final disposition of petitioner's motion for reconsideration. See Order (Dkt. No. 12).

## DISCUSSION

### A. The Standard for Reconsideration

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.

3

In keeping with Shrader, Local Civil Rule 6.3 requires a party seeking reconsideration to submit, within 10 days after the entry of the court's determination of the original motion, a notice of motion and "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."[2] Additionally, this court must hold pro se submissions to less stringent standards than submissions drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

In his motion for reconsideration, petitioner correctly brought to this court's attention that it had overlooked petitioner's April 21, 2008 letter informing the court of the February 28, 2008 motion to vacate his conviction that was pending in state court. See Pet. Mot. For Reconsideration (hereinafter "Pet. Mot."). Indeed, petitioner asserted that he did not reply to respondent's Opposition to the Order to Show Cause because his post-conviction petition was outstanding, arguing that "the Court mistakenly rendered a decision on [his] petition when a state court post-conviction motion" was pending. Id.

This court should have liberally construed pro se petitioner's April 21, 2008 letter as a motion to stay his federal proceeding while he exhausted state remedies. In its letter responding to petitioner's motion to vacate, respondent argues that "at no time did petitioner ask this Court to stay his habeas corpus petition until completion of the state court action." See Respondent's Letter, Sept. 9, 2008 (Dkt. No. 10). As noted, however, this court must construe a pro se litigant's filings liberally and hold a pro se petitioner's submissions to less stringent standards than submissions drafted by trained lawyers. Haines, 404 U.S. at 520 (1972). Therefore,

---

[2] Petitioner's motion is timely because it was filed within 10 days after entry of the judgment denying his writ of habeas corpus. Fed. R. Civ. P. 59(e).

4

respondent's argument that petitioner did not explicitly seek a stay of his federal habeas petition from this court while he exhausted his state remedies is unpersuasive.

At this time the appropriate remedy, however, is not to grant petitioner's motion for reconsideration. Rather, the court will place petitioner back in the position he would have been in had the court not overlooked his April 21, 2008 letter. Had the court properly considered that letter, the court would have directed petitioner to show cause as to why he should be granted a stay while he exhausted his state claims on his third N.Y. Crim. Pro. L. § 440 motion. Therefore, the court will do so at this time.

**B.      Standard Governing Motions for Stay and Abeyance**

Because of the requirement that § 2254 habeas petitioners exhaust state judicial remedies, see Daye v. Attorney Gen. of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), and the procedural limitations imposed on habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), dismissal of a petition containing exhausted and unexhausted claims "could jeopardize the timeliness of a collateral attack." Zarvela v. Artuz, 254 F.3d 374, 379-82 (2d Cir. 2001). To ameliorate this situation, the Second Circuit adopted a "stay and abeyance" procedure for petitions presenting exhausted and unexhausted claims. Zarvela, 254 F.3d at 280. The Supreme Court endorsed a similar procedure in Rhines v. Weber, 544 U.S. 269 (2005).

In Rhines, the Court prescribed the following procedures for a stay and abeyance to permit exhaustion of claims: (1) a stay should not be granted where the unexhausted claim is meritless; (2) "stay and abeyance is only appropriate when the district court determines there was

5

good cause for the petitioner's failure to exhaust his claims first in state court"; (3) a "mixed petition should not be stayed indefinitely," and "district courts should place reasonable time limits on a petitioner's trip to state court and back"; and (4) "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, 544 U.S. at 277-78.

Arguably, three of the four Rhines requirements are satisfied. The claim for which Mr. Bonton desires a stay to exhaust is that his trial counsel provided ineffective assistance by failing to convey the terms of a plea offer. The court finds that this claim is potentially meritorious. See Shiwlochan v. Portuondo, 345 F. Supp. 2d 242, 260 (E.D.N.Y. 2004) ("In contrast to other claims of ineffective assistance of counsel where counsel's conduct may implicate strategic decisions, counsel is absolutely obligated to convey both the fact and terms of the plea offer and provide some advice regarding this 'crucial decision.' . . . Counsel must also advise the defendant on the maximum sentencing exposure if he stands trial as opposed to accepting a plea offer."), aff'd 150 Fed. Appx. 58 (2d Cir. 2005). Furthermore, there is nothing in the record at this time suggesting that petitioner has engaged in abusive litigation tactics or intentionally delayed this proceeding. Indeed, Mr. Bonton's habeas petition indicated that he had an outstanding state claim pending before the Kings County Supreme Court and he reminded this court of that outstanding petitioner promptly after receiving respondent's opposition. Finally, this court will place reasonable time limits on petitioner during which he must respond to this Order.

On the current record, however, the court is unable to determine whether there was "good cause" for the petitioner's failure to exhaust his claim first in state court in one of his two earlier

N.Y. Crim. Pro. L. § 440 motions. The Supreme Court did not define "good cause" in Rhines and the Second Circuit has yet to elaborate on its meaning. See Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006). Subsequently, the Supreme Court mentioned the "good cause" requirement in Pace v. DiGuglielmo, stating, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 544 U.S. 408, 416 (2005). Lower courts have applied different definitions of "good cause." See, e.g., Bryant v. Greiner, 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006); Brown, 2006 WL 1273830, at *2-*3 (S.D.N.Y. May 9, 2006). "[M]ost of the courts which have thus far engaged in an in-depth analysis of the issue have required that 'good cause' arise from something external, and not fairly attributable, to the petitioner." Ramdeo v. Phillips, No. 04 Civ. 1157, 2006 WL 297462, at *6 (E.D.N.Y. Feb. 8, 2006) (finding no good cause based on inadvertent, good-faith failure to exhaust). Therefore, petitioner is directed to show "good cause" as to why he failed to raise his ineffective assistance of counsel claim in earlier state proceedings.

Applying the Rhines factors, the court will not permit petitioner's defective indictment claim to serve as a basis for holding his federal petition in abeyance because that claim is plainly without merit. In his February 28, 2008 § 440 motion, petitioner argued that his indictment was "defective within the meaning of CPL 210.25," see Attachment to April 21, 2008 Letter, because the twenty-nine count indictment did not specifically identify the petitioner by name. See First Attachment to August 28, 2008 Letter. The indictment did, however, specifically identify petitioner by name in the caption. See Second Attachment to August 28, 2008 Letter. Furthermore, petitioner was the sole defendant in that case. Id. Clearly, therefore, the

7

"defendant" referred to in each of the twenty-nine counts was the sole defendant named in the caption – Mr. Bonton. See People v. Toro, 147 Misc. 2d 991, 994 (Sup. Ct. Bronx County 1990) ("[W]hen the defendant is named in the caption of the accusation it is sufficient even though in the body he is referred to only as the defendant.") (internal citations omitted). Therefore, this unexhausted state claim is without merit and cannot serve as the basis for staying petitioner's federal habeas corpus petition.

Furthermore, under 28 U.S.C. § 2254(a), the court may grant a writ of habeas corpus only for "custody in violation of the Constitution or laws or treaties of the United States." Indeed, the "sufficiency of a state indictment . . . cannot form the basis for federal habeas corpus relief unless it falls below basic due process requirements." Richards v. Bartlett, 1993 WL 372267, at * 4 (Sept. 9, 1993 E.D.N.Y.) (Citation omitted). Referring to the sole individual named in the caption as the "defendant" throughout the indictment does not fall below basic due process requirements. Therefore, this alleged deficiency in the indictment is a matter of state law and is not cognizable in a federal habeas corpus petition.

## CONCLUSION

Accordingly, the court orders petitioner to show cause why he should be granted a stay by serving and filing within thirty (30) days of the date of this Order a submission setting forth his reasons for why he has established "good cause" for his failure to exhaust his ineffective assistance of counsel claim in state court. The court also orders respondent to serve and file a response within twenty (20) days of receipt of petitioner's submission.

SO ORDERED.

8

/S/
_____
Allyne R. Ross
United States District Judge

Dated: November 25, 2008
    Brooklyn, New York

SERVICE LIST:

**Jerry Bonton**
02A-5418
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**Howard B. Goodman**
Assistant District Attorney
Kings County
Renaissance Plaza
350 Jay Street
Brooklyn, NY 11201